## CALIFORNIA FARM BUREAU FEDERATION, et al., Petitioners,

v.

## UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent,

Association of Irritated Residents (AIR), et al., Intervenors.

No. 02–73371.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2003.

Decided July 15, 2003.

Before: HAWKINS and W. FLETCHER, Circuit Judges, and BREYER,* District Judge.

---

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

California Farm Bureau, et al. ("Farm Bureau"), seeks review of the Environmental Protection Agency's ("EPA") Final Rule partially revoking approval of California's Part 70 permitting programs. Because we determine that the EPA neither acted arbitrarily or capriciously in promulgating the Final Rule nor did it misinterpret or misapply its own regulations, we deny Farm Bureau's request.

■ Title V of the Clean Air Act states that "the Administrator may not exempt any major source." 42 U.S.C. § 7661a. This court, as well as the EPA, are bound by Congress' unambiguously expressed intent that no major source of pollution be exempted from the permitting requirements established in Title V. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Therefore, EPA's decision to revoke approval of the California permitting programs, which did not have the requisite authority to permit major agricultural sources as a consequence of California Health & Safety Code § 42310(e), was not only reasonable, but mandated by the plain language of the statute.

EPA's interpretation of its own regulations was neither "plainly erroneous [nor] inconsistent." *Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997); *Kentuckians for the Commonwealth, Inc. v. Riverburgh,* 317 F.3d 425, 439 (4th Cir.2003). The decision to implement a Part 71 program only 90 days after the Notice of Deficiency was issued strictly complied with 40 C.F.R. § 70.10(b)(2). The California Legislature had been on notice since 1995 that full approval of the Part 70 programs hinged on the repeal of § 42310(e).

Farm Bureau's challenge to EPA's decision to withdraw approval on a non-geographic basis also fails. Not only is such withdrawal permissible, but the alternative is a geographic withdrawal–or the withdrawal of all authority held by the California permitting Districts, which would include the permitting of major agricultural sources.

■ Finally, we determine that EPA complied with the Regulatory Flexibility Act because it certified "that the rule will not, if promulgated, have a significant economic impact on a substantial number of small entities." 5 U.S.C. § 604(b). EPA reasoned that few agricultural operations that qualify as a small business for purposes of the Act will also qualify as a major source of pollution. This conclusion was supported by EPA's earlier impact analysis, which considered a nationwide Part 71 program.

PETITION DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.